<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAT AGIYAR, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 7-ELEVEN, INC., <br><br> Defendant. | Civil Action No. 19-19994 (MAS) (JTQ) <br><br> **MEMORANDUM ORDER** |

<u>**SHIPP, District Judge**</u>

  This matter comes before the Court upon Defendant 7-Eleven, Inc.'s ("Defendant") motion to correct judgment. (ECF No. 98.) Defendant submits that this Court inadvertently omitted 7-Eleven's proven damages from its July 30, 2024 Order (the "Order") granting summary judgment in Defendant's favor. (Def.'s Moving Br. 2, ECF No. 98-1.) As such, Defendant asks this Court to correct the order to reflect the $94,756.68 in damages that this Court held SAT Agiyar, LLC ("SAT") and Naresh Patel ("Patel") are liable to Defendant for, and to hold Plaintiff and Patel jointly and severally liable for the ordered sum. (*Id.*) The Court will grant in part and deny in part this request.

  To begin, Defendant is correct that this Court did not include a specific damages judgment in its previous Order. (*See* July 30, 2024 Order, ECF No. 97.) As such, the Court will issue an amended Order specifying the amount of damages that SAT and Patel are obligated to pay, consistent with the Court's most-recently issued Opinion. (July 30, 2024 Op. 10, ECF No. 96 (noting it is undisputed between the parties that Defendant "calculated and requested . . .

$94,756.68" as a result of SAT and Patel's breaches)); *see also* Fed. R. Civ. P. 60(a) (permitting this Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record"). The Court notes, however, that a finding of joint and several liability would be inappropriate for two reasons: (1) such liability is only applicable in tort actions, and Defendant succeeded on exclusively contract claims, *Johnson Lasky Kindelin Architects, Inc. v. United States*, 151 Fed. Cl. 642, 653 (Fed. Cl. 2020) (finding that "'joint and several liability' is a standard tort doctrine, with no less than the United State[s] Supreme Court describing [the doctrine] as a 'creature of tort law'" (quoting *Honeycutt v. United States*, 581 U.S. 443, 447 (2017))); and (2) nowhere in its briefing as to damages did Defendant ask this Court to hold SAT and Patel "jointly and severally liable," nor does Defendant ask this Court to hold SAT and Patel jointly and severally liable in its pleadings.[1] (*See generally* Def.'s Counterclaims, ECF No. 56; Def.'s Mot. Summ. J., ECF No. 78; Def.'s Summ. J. Reply Br., ECF No. 88.) Accordingly, Defendant's request to have the Court's previous Order amended to hold SAT and Patel jointly and severally liable is denied.

For the reasons outlined above, the Court will amend the Order to reflect the proper damages amount, but will not impose joint and several liability as Defendant requests. Accordingly,

**IT IS** on this 12th day of December 2024, **ORDERED** that:

---

[1] The Court suspects that Defendant may be conflating the concept of joint and several liability with its success on the breach of guaranty claim against Patel. To be clear, in functional effect, the breach of guaranty ensures that between SAT and Patel, judgment will be paid. The Court's Order, however, will reflect the proper order of accountability: (1) it will require SAT to pay the full damages amount; and (2) to the extent that SAT cannot pay its liabilities, Patel will be ordered to pay the remainder, consistent with the agreement between the parties.

1. The Clerk's Office shall reopen this matter for consideration of Defendant's motion to correct judgment. (ECF No. 98.)

2. Defendant's motion to correct judgment (ECF No. 98) is **GRANTED IN PART AND DENIED IN PART**.

3. Defendant's motion is granted to the extent it seeks an amended Order reflecting the proper damages amount that SAT and Patel are liable to pay as a result of having summary judgment granted against them.

4. Defendant's motion is denied to the extent that it seeks to hold SAT and Patel jointly and severally liable.

5. The Clerk's Office shall close this case.

6. This Memorandum Order terminates ECF No. 98.

　　　　　　　　　　　　　　　　　　/s/ Michael A. Shipp
　　　　　　　　　　　　　　　　　　**MICHAEL A. SHIPP**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**